# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Michael T. Shiver,<br><br>                                    Debtor. | C/A No. 17-05318-DD<br><br>Adv. Pro. No. 18-80023-DD<br><br>Chapter 7 |
| Michelle L. Vieira, Chapter 7 Trustee for Michael T. Shiver,<br><br>                                    Plaintiff,<br><br>v.<br><br>Anthony Whitfield,<br><br>                                    Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on motions for summary judgment filed by the plaintiff, Michelle L. Vieira, and the defendant, Anthony Whitfield. Both motions were filed on December 18, 2018. Both parties filed objections to the opposing party's motion on January 2, 2019. A hearing was held on the motions on February 5, 2019. For the reasons set forth below, the Court now grants the plaintiff's motion and denies the defendant's motion.

## **UNDISPUTED FACTS**

1.      At the time of his chapter 7 bankruptcy filing, Michael T. Shiver, the debtor, was the owner of real property located at 727 Bradburn Drive, Mount Pleasant, SC (the "Property").[1] The Property is property of the bankruptcy estate.[2]

---

[1] Ms. Vieira, the chapter 7 trustee, sold the Property on November 28, 2018 for $425,000.00. After paying senior liens on the Property and certain expenses, the trustee is holding $165,465.87 pending a determination of the defendant's entitlement to those funds.

[2] Section 541 states, in relevant part,

> The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:  (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

2. Permacoat of Charleston, SC ("Permacoat") filed a state court action to foreclose a mechanic's lien against the defendant in November 2006 in state court.

3. The defendant counterclaimed against Permacoat in the state court litigation, and obtained a judgment against Permacoat in June 2014 (the "2014 Judgment").

4. In late 2014, the defendant commenced supplemental proceedings against Permacoat.

5. On August 11, 2017, the defendant filed a lis pendens against the Property (the "Lis Pendens").

6. On August 24, 2017, the Master in Equity for Charleston County issued a Decree of Foreclosure and Order of Sale, ordering that the Property be sold to satisfy the judgment lien obtained by the defendant against Permacoat in June 2014 (the "Foreclosure Decree"). The Foreclosure Decree stated, "Plaintiff Permacoat of Charleston S.C. is an unincorporated association, to which Michael T. Shiver and James Russell Shiver are owners and co-partners (per their own admittance) and therefore are personally liable for the June 25, 2014 $127,866.54 judgment in favor of Anthony M. Whitfield pursuant to S.C. Code § 15-35-170." The Foreclosure Decree further stated, "Anthony M. Whitfield's judgment in the original amount of $127,866.54 constitutes a fifth (5th) lien on the subject real property."

7. Although the Foreclosure Decree stated that the debtor is personally liable for the 2014 Judgment, no judgment was recorded and indexed against the debtor personally prior to the filing of the bankruptcy case.

8. The debtor filed his chapter 7 bankruptcy case on October 26, 2017.

**BACKGROUND**

9. The plaintiff commenced this adversary proceeding on March 30, 2018. The plaintiff's initial complaint asserted causes of action for avoidance of the Foreclosure Decree pursuant to 11 U.S.C. § 547 and preservation of the avoided transfer pursuant to 11 U.S.C. § 551.

10. The defendant filed an answer and counterclaims to the initial complaint on April 30, 2018. The defendant's counterclaims requested a declaratory judgment regarding the extent, validity and priority of his lien. The plaintiff filed a reply to the counterclaim on May 7, 2018.

11. The plaintiff filed an amended complaint on May 10, 2018. The amended complaint asserted causes of action for avoidance of the Foreclosure Decree under § 547, avoidance of the Foreclosure Decree and the 2014 Judgment pursuant to § 544(a), and preservation of the avoided transfer pursuant to § 551.

12. The defendant filed an answer and counterclaims to the amended complaint on May 22, 2018, again requesting a declaratory judgment regarding his lien, and the plaintiff filed a reply to the counterclaims on May 23, 2018.

13. After obtaining leave from the Court, the plaintiff filed a second amended complaint on September 17, 2018. The second amended complaint asserted causes of action for avoidance of the Lis Pendens and the Foreclosure Decree pursuant to § 547, avoidance of the 2014 Judgment and the Foreclosure Decree pursuant to § 544(a), and preservation of the avoided transfers pursuant to § 551.

14. The defendant filed an answer and counterclaims to the second amended complaint on October 3, 2018. Again, the defendant's counterclaims sought a declaratory judgment regarding his lien. Due to the previous withdrawal of his counsel, the answer and counterclaims were filed pro se. The defendant again obtained counsel on October 8, 2018.

15. The plaintiff filed a reply to the counterclaims on October 4, 2018.

## ARGUMENTS OF THE PARTIES

The plaintiff argues that she is entitled to avoid the Lis Pendens because it constitutes a preferential transfer under § 547. The plaintiff argues that under South Carolina law, the Lis Pendens placed a cloud on the title to the Property, preventing the debtor from freely conveying the Property to a subsequent purchaser. At the hearing on the motions, the plaintiff compared the filing of a lis pendens to the recording of a mortgage and asserted that the effect of both actions was the same. The plaintiff argues that the Foreclosure Decree is also a preferential transfer. Finally, the plaintiff argues that the 2014 Judgment can be avoided under § 544 because it was never recorded in the name of the debtor. Therefore, it never became a lien on the Property under South Carolina law and the plaintiff did not have notice of the 2014 Judgment. The plaintiff asserts that the Lis Pendens does not provide notice that defeats her status as a bona fide purchaser because she can avoid it as a preference.

The defendant argues that the Lis Pendens is not a preferential transfer avoidable by the plaintiff because it does not constitute a transfer of an interest in property. The defendant argues that under South Carolina law a lis pendens merely provides notice of pending litigation. At the hearing, the defendant argued that a lis pendens does not actually affect a debtor's ability to convey title, it merely affects third party purchasers' rights in the property. The defendant also asserted at the hearing that there is a difference between an actual transfer and the perfection of a transfer under § 547(e). The defendant asserted that here, the Lis Pendens constituted perfection but not a transfer that can be avoided.

The defendant also argues that the Foreclosure Decree does not constitute a transfer because it merely recognized that the defendant already possessed an enforceable judgment against the debtor. Finally, the defendant argues that the plaintiff cannot avoid the 2014 Judgment under

4

§ 544 because the Lis Pendens provided notice of the 2014 Judgment, defeating the plaintiff's status as a bona fide purchaser.

## LEGAL STANDARD

Summary judgment is appropriate when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show [ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The role of the judge in deciding summary judgment is "not himself to weigh the evidence . . . but to determine whether there is a genuine issue for trial." *Id.* at 249.

The party requesting summary judgment must demonstrate the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This initial burden requires the moving party to identify those portions of the record that it believes demonstrate the absence of a genuine dispute. *Id.* at 323; *see also Anderson*, 477 U.S. at 249. The nonmoving party must then produce "'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *see* Fed R. Civ. P. 56(e). If the nonmoving party fails to provide evidence supporting an essential element of its case, then the moving party is entitled to judgment as a matter of law. *Id.* at 323. The parties agree there are no disputes of material fact, disagreeing only as to the consequences to the parties of the application of the law to the facts.

**DISCUSSION**

1. 11 U.S.C. § 547

The plaintiff seeks to avoid the Lis Pendens and the Foreclosure Decree pursuant to § 547. Section 547 provides, in relevant part:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
>    (1) to or for the benefit of a creditor;
>    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>    (3) made while the debtor was insolvent;
>    (4) made–
>        (A) on or within 90 days before the date of the filing of the petition; or
>        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>    (5) that enables such creditor to receive more than such creditor would receive if–
>        (A) the case were a case under chapter 7 of this title;
>        (B) the transfer had not been made; and
>        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The parties do not dispute that if a transfer was made, it was on account of an antecedent debt and while the debtor was insolvent, nor that the Lis Pendens was filed and the Foreclosure Decree was issued during the preference period. There is also no dispute that the defendant will receive more if the Lis Pendens and Foreclosure Decree are not avoided than he would otherwise receive as a chapter 7 creditor. The parties disagree as to whether the Lis Pendens and the Foreclosure Decree constitute "transfers" that the plaintiff can avoid.

"Transfer" is defined in § 101(54) of the Bankruptcy Code as "the creation of a lien; the retention of title as a security interest; the foreclosure of a debtor's equity of redemption; or each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with – property; or an interest in property." In *Pirie v. Chicago Title & Trust Co.*, 182 U.S. 438 (1901), the United States Supreme Court stated, under the former Bankruptcy Act:

6

> "Transfer" is defined to be not only the sale of property, but "every other and different mode of disposing of or parting with property." All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another, and by which the result forbidden by the statute may be accomplished, – a preference enabling a creditor "to obtain a greater percentage of his debt than any other creditors of the same class."

*Pirie*, 182 U.S. at 444. "Congress sought to make '[t]he definition of transfer' in the Bankruptcy Code 'as broad as possible,' drafting it to include 'any transfer of an interest in property.'" *Ivey v. First Citizens Bank & Trust Co. (In re Whitley)*, 848 F.3d 205, 208 (4th Cir. 2017) (quoting S. Rep. No. 95-989, at 27 (1978)); *see also In re Essex Constr., LLC*, 575 B.R. 648, 653 (Bankr. D. Md. 2017) (citing several cases for the proposition that the Bankruptcy Code defines the term "transfer" broadly). "It [ ] includes transactions in which title to property is changed in a way that could affect creditors, although ultimate ownership remains intact as well as transactions in which the debtor terminates or modifies intangible property rights." 2 *Collier on Bankruptcy* ¶ 101.54 (Richard Levin & Henry J. Sommer eds., 16th ed.).

"[B]ecause the Code's definition of 'transfer' expressly includes involuntary dispositions of property, dispositions of property which are brought about by state judicial proceedings clearly fall within its scope." *Besing v. Hawthorne (In the Matter of Besing)*, 981 F.2d 1488, 1493 (5th Cir. 1993), *cert. denied*, 510 U.S. 821 (1993).

> The term "transfer" applies not simply to the transfer of property in the traditional sense, but to the transfer of any interest in property. A transfer may be of specific limited rights in property, leaving the transferor with some other interest in the same property. . . . [and] is sufficiently broad to include within its scope a transfer that modifies the form or value of property transferred.

2 *Collier on Bankruptcy* ¶ 101.54. Thus, under the Bankruptcy Code, a "transfer" may include an involuntary parting with an interest in property, as well as the disposition of only one aspect of the debtor's bundle of rights in the property.

7

First, with respect to the Lis Pendens, the defendant argues that a lis pendens merely provides notice of pending litigation, and the Lis Pendens does not constitute a transfer that the plaintiff can avoid. The plaintiff responds that a lis pendens is a transfer because it places a cloud on title and prevents the owner of the property from freely disposing of it. Therefore, the plaintiff argues, the Lis Pendens constitutes a transfer of an ownership right, thus an interest in the Property for purposes of § 101(54) and § 547. Both parties cite case law in support of their arguments.

Courts disagree as to whether a lis pendens is a transfer that can be avoided as a preferential transfer under § 547. The plaintiff relies primarily on *Bank of America, N.A. v. Gallo (In re Gallo)*, 539 B.R. 88 (Bankr. E.D.N.C. 2015). In *Gallo*, approximately a month prior to the debtor's bankruptcy filing, the creditor sought to reform its deed of trust to include the debtor's non-filing spouse as a grantor. In connection with the reformation action, the creditor filed a notice of lis pendens. After the debtor's bankruptcy filing, the reformation action was removed to the bankruptcy court. The chapter 13 trustee filed counterclaims, one of which was to avoid the lis pendens as a preferential transfer pursuant to § 547(b).[3]

The court concluded that the lis pendens was avoidable under § 547(b) "under several theories." *Id.* at 94. First, the court stated:

> [U]nder the theory that property rights are similar to a bundle of sticks, the *lis pendens* is a preferential transfer of the debtor's interest in property to the extent that it perfected or created any additional rights to the Property. The recording of the *lis pendens* affects possession and interests in the Property, in that it prevents subsequent purchasers from acquiring superior rights in the Property. Thus, upon recording the *lis pendens*, [the creditor] had a superior interest over any prospective purchaser because the [sic] it had obtained "some of the sticks in the bundle."

*Id.* at 94–95. Next, the court considered § 547(e), which provides that a transfer is perfected "when a bona fide purchaser of such property from the debtor against whom applicable law permits such

---

[3] After the reformation action was removed to the bankruptcy court, the court allowed the chapter 13 trustee to join in the adversary proceeding as an interested party. *See id.* at 90.

8

transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." The court stated that because the creditor obtained an interest in the property superior to that of a bona fide purchaser when it filed the lis pendens, the lis pendens constituted a transfer under § 547.[4] Finally, the court pointed out that if the creditor was successful in its reformation action, the lien would relate back to the time of filing of the lis pendens. As a result, the lien would be obtained within 90 days of the petition date and therefore avoidable as a preferential transfer. The court therefore ruled in the trustee's favor, finding that the lis pendens could be avoided as a preferential transfer under § 547. Other courts, although using different reasoning, have found in accordance with the result in *Gallo*. *See Simmons v. Bank of Am., N.A. (In re Simmons)*, 510 B.R. 76, 94 (Bankr. S.D. Miss. 2014) ("The Court finds that the filing of the Lis Pendens was a *transfer* as contemplated under § 547 because a bona fide purchaser 'cannot acquire an interest that is superior to the interest of' BOA."); *Rice v. First Arkansas Valley Bank (In re May)*, 310 B.R. 405, 415 (Bankr. E.D. Ark. 2004) ("The recording of lis pendens on both properties at issue constitute a transfer of some interest in property, since at a minimum, such recording operates to encumber property and detract from the rights of the property owner. Finding that the recording of lis pendens constitutes a transfer of an interest for preference purposes under 11 U.S.C. § 547 is in accord with prior case law."); *Kendrick v. CIT Small Bus. Lending Corp. (In re Gruseck & Son, Inc.)*, 385 B.R. 799, at *8 (B.A.P. 6th Cir. Apr. 16, 2008) (unpublished table decision) ("[F]or purposes of § 547 of the Bankruptcy Code, a transfer is *deemed to have been made* at the time the transfer is perfected . . . a transfer of real property is perfected when a bona fide purchaser of such property can not acquire an interest that is superior to the interest of the transferee.").

---

[4] Under South Carolina law, "A properly filed lis pendens binds subsequent purchasers or encumbrancers to all proceedings evolving from the litigation." *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 16 (Ct. App. 2002) (internal quotation marks omitted) (quoting *South Carolina Nat'l Bank v. Cook*, 291 S.C. 530, 532 (1987)).

The defendant relies primarily on *Ute Mesa Lot 1, LLC v. First Citizens Bank & Trust Co. (In re Ute Mesa Lot 1, LLC)*, 736 F.3d 947 (10th Cir. 2013). *Ute Mesa* also involved a state court reformation action filed pre-petition. As in *Gallo*, before Ute Mesa filed bankruptcy, the creditor filed a lis pendens in connection with the state court reformation action. The Tenth Circuit found that Colorado law is clear that a lis pendens merely provides notice and does not create any new interest in property. *Id.* at 950. Accordingly, the Tenth Circuit found, the filing of the lis pendens does not constitute a transfer under § 547(b). The Tenth Circuit also rejected the debtor's argument that the lis pendens constituted a transfer because it transferred its right to convey fee simple title free and clear of the creditor's interest by clouding the title to the property. *Id.* at 951 (internal citations omitted).

*Ute Mesa* is distinguishable from the present case. In *Ute Mesa*, the lis pendens was filed two days after the commencement of the state court reformation action. Ute Mesa filed bankruptcy prior to the entry of any judgment. The Tenth Circuit distinguished *Ute Mesa* from a Ninth Circuit case, *Hurst Concrete Prods., Inc. v. Lane (In re Lane)*, 980 F.2d 601 (9th Cir. 1992) (discussed *infra*), stating:

> The court [in *Lane*] addressed whether a transfer relates back in time to a lis pendens, not whether a lis pendens itself constitutes a transfer. Here, it is uncontroverted that the Bank did not receive a favorable judgment in the state court action before Ute Mesa filed its Chapter 11 petition, and *In re Lane* is inapposite.

*Id.* at 952. After finding that the lis pendens was not a preferential transfer, the Tenth Circuit further stated:

> Ute Mesa raises an additional argument that, even though the Bank had not recorded a judgment before Ute Mesa filed its bankruptcy petition, any eventual judgment is itself a present transfer because it would necessarily 'relate back' to the filing of the lis pendens. However, Ute Mesa did not raise this argument in its complaint, response to the Bank's motion to dismiss, or opening brief in the district court. We will not permit Ute Mesa to raise it for the first time here.

*Ute Mesa*, 736 F.3d at 953.  Here, the Foreclosure Decree was entered after the filing of the Lis Pendens and prior to the debtor's bankruptcy filing.  Accordingly, in this case, there is in fact a judgment that can, and does relate back to the filing of the Lis Pendens to bind subsequent purchasers to the result of the litigation.  *See South Carolina Nat'l Bank v. Cook*, 291 S.C. 530, 532 (1987); 54 C.J.S. *Lis Pendens* § 46.

The defendant also relies on a Ninth Circuit case, *Saghi v. Walsh (In re Gurs)*, 34 B.R. 755 (B.A.P. 9th Cir. 1983), in which the Ninth Circuit Bankruptcy Appellate Panel found that the filing of the notice of lis pendens was not avoidable under § 547 because the elements of that section were not met.  The court stated that

> [T]he filing of the *lis pendens* within the 90 day preference period is an act that "perfects" the Appellants' claim to the property.  Moreover that act may well be a "transfer" under § 101(41). . . .  In this sense then, the Appellants have perfected an interest in property which may be a "transfer" within the preference period.

*Gurs*, 34 B.R. at 757.  The court, however, ultimately found that the filing of the lis pendens did not constitute a transfer of property of the debtor because the interest at issue was not property of the estate unless brought into the estate by § 544(a)(3).  Further, the transfer was not on account of an antecedent debt.  *Gurs* did not squarely decide the issue presently before this Court and therefore is distinguishable.

Indeed, in a later case, the Ninth Circuit found that the recording of a lis pendens does constitute a transfer.  *Hurst Concrete Prods., Inc. v. Lane (In re Lane)*, 980 F.2d 601 (9th Cir. 1992).  In that case, after the filing of a lis pendens and the entry of a judgment in the state court action, the debtors filed a chapter 11 case.  The lis pendens was filed and the judgment was entered by the state court outside the preference period but the judgment was recorded within the preference period.  The bankruptcy court found that the claim of the state court plaintiff was secured because the recording of the judgment related back to the filing of the lis pendens; however, the Bankruptcy Appellate Panel reversed.  The Ninth Circuit reversed and found that the

11

filing of a lis pendens is a transfer under the Bankruptcy Code and that the recording of the judgment did relate back to the filing of the lis pendens. As discussed above, the Tenth Circuit in *Ute Mesa* found that the Ninth Circuit did not reach the question of whether a lis pendens constitutes a transfer. However, in its opinion, the Ninth Circuit stated:

> [U]nder California law, a party attains an interest superior to subsequent purchasers upon recordation of the lis pendens. It is the fact of attainment of a superior interest, not the creation of a lien or the rendering of a judgment, that creates a transfer under the Bankruptcy Code in both California and Arizona. Accordingly, we hold that the filing of a valid lis pendens is a transfer within the meaning of the Bankruptcy Code.

*Lane*, 980 F.2d at 606.

This Court agrees with *Gallo, Lane*, and those other courts that find a lis pendens constitutes a preferential transfer, based on the first theory articulated by the *Gallo* court. South Carolina law states:

> The purpose of a notice of pendency of an action is to inform a purchaser or encumbrancer that a particular piece of real property is subject to litigation. "A properly filed lis pendens binds subsequent purchasers or encumbrancers to all proceedings evolving from the litigation." Generally, the filing of a lis pendens places a cloud on title which prevents the owner from freely disposing of the property before the litigation is resolved.

*Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 16–17 (Ct. App. 2002) (internal citations omitted). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). Here, South Carolina law provides that a lis pendens places a cloud on title to the property that prevents the owner of the property from freely transferring it before the litigation is resolved. *See Pond Place*, 351 S.C. at 17. The owner of the property has therefore been deprived

12

of one of the rights in his fee simple absolute "bundle of rights."[5] The creditor filing the lis pendens is the party that has taken away that right, and benefits from the deprivation of the debtor's right because any conveyance of the property is now subject to the creditor's interest.

There is also a federal interest at play. The purpose of § 547 allowing avoidance of preferential transfers is to protect creditors from secret liens perfected just prior to a bankruptcy filing and to foster equality of distribution among creditors. *Union Bank v. Wolas*, 502 U.S. 151, 160–61 (1991) ("The purpose of the preference section is two-fold. First, by permitting the trustee to avoid prebankruptcy transfers that occur within a short period before bankruptcy, creditors are discouraged from racing to the courthouse to dismember the debtor during his slide into bankruptcy. . . . Second, and more important, the preference provisions facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor. Any creditor that received a greater payment than others of his class is required to disgorge so that all may share equally."). *See also Williams v. McNabb (In re McNabb)*, 567 B.R. 326, 335 (Bankr. W.D. Tenn. 2017) (quoting *Chase Manhattan Mortg. Corp. v. Shapiro (In re Lee)*, 530 F.3d 458, 463 (6th Cir. 2008)); *Kronz v. Cech (In re Romano)*, 175 B.R. 585, 598 (Bankr. W.D. Pa. 1994). Here, if the plaintiff is not permitted to avoid the Lis Pendens and the Foreclosure Decree, the defendant will benefit from his lien, of which other parties had no notice, and will receive more than other creditors, resulting in a disproportionate distribution. Based on South Carolina law and the purposes of § 547, this Court holds that, at least under the facts of this case, a lis pendens is a transfer that can be avoided under § 547.

The Foreclosure Decree also constitutes a transfer avoidable pursuant to § 547. The Foreclosure Decree found that the debtor is personally liable for the 2014 Judgment and stated that

---

[5] "A 'fee simple absolute' is an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation." 31 C.J.S. *Estates* § 12 (Dec. 2018).

13

the defendant's judgment "constitutes a fifth (5th) lien on the subject real property." Thus, the Foreclosure Decree held, for the first time, that the 2014 Judgment was a lien on the Property. It created a lien and therefore was a "transfer" under § 101(54). The Foreclosure Decree expressly held that the judgment was a lien on the Property.[6] Therefore, it constituted a transfer that can be avoided under § 547.

For the reasons set forth above, all of the elements of a preferential transfer under § 547 are met as to the Lis Pendens and the Foreclosure Decree. The plaintiff is entitled to avoid the Lis Pendens and Foreclosure Decree.

2. <u>11 U.S.C. § 544</u>

The plaintiff seeks to avoid the 2014 Judgment and the Foreclosure Decree pursuant to § 544. The Court need not address the avoidance of the Foreclosure Decree pursuant to § 544, as it has already found that the plaintiff can avoid the Foreclosure Decree under § 547. With respect to the 2014 Judgment, the Court finds it is also avoidable pursuant to § 544.

Section 544(a) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect

---

[6] Section 15-35-810 of the South Carolina Code provides:

Final judgments and decrees entered in any court of record in this State subsequent to November 25, 1873, or in any circuit or district court of the United States within this State or of any other Federal court the final judgments and decrees of which, by act of Congress, shall be declared to create a lien, shall constitute a lien upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the book of abstracts of judgments and duly indexed, the lien to begin from the time of such entry on the book of abstracts and indices and to continue for a period of ten years from the date of such final judgment or decree.

Despite the fact that the 2014 Judgment was not recorded in the name of the debtor, the state court found in the Foreclosure Decree that the 2014 Judgment created a lien on the Property. However, the first time any party had notice of the 2014 Judgment was when the Lis Pendens was filed in August 2017. Accordingly, the filing of the Lis Pendens was the earliest event binding subsequent purchasers and depriving the debtor of the right to freely dispose of the Property.

14

>to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

"The trustee's 'strong arm powers' pursuant to § 544 serve the purpose of cutting off unperfected security interests and secret liens." *In re Houston*, 409 B.R. 799, 805 (Bankr. D.S.C. 2009) (citing 5 *Collier on Bankruptcy* ¶ 544.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008)). The plaintiff seeks to avoid the 2014 Judgment under § 544(a)(3), using her status as a bona fide purchaser of the Property under South Carolina law. This section "creates a legal fiction of a transfer from the debtor to a bona fide purchaser on the date of filing, thereby clothing the trustee in whatever legal rights a bona fide purchaser would possess." *Houston*, 409 B.R. at 807 (citing *Geygan v. World Sav. Bank (In re Nolan)*, 383 B.R. 391, 397 (B.A.P. 6th Cir. 2008)).

South Carolina law provides that a lien is created on the real estate of a judgment debtor upon the recording of the judgment in the county in which the real estate is located. S.C. Code Ann. § 15-35-810 (1976). South Carolina "[r]ecording acts dating back to colonial days protect innocent or bona fide purchasers of real property, who pay valuable consideration, from the claims of creditors or lienholders whose claims were not on record at the time of conveyance to the bona fide purchaser." *Houston*, 409 B.R. at 806 (citing *Spence v. Spence*, 368 S.C. 106, 120 (2006)). In this case, it is undisputed that the 2014 Judgment was not recorded in the name of Mr. Shiver prior to the commencement of the bankruptcy case. Accordingly, the plaintiff had no notice of the 2014 Judgment, and is entitled to avoid the 2014 Judgment using her status as a bona fide purchaser under § 544(a)(3).

3. <u>11 U.S.C. § 551</u>

Section 551 provides, in relevant part, "[a]ny transfer avoided under section . . . 544 [or] . . . 547 . . . of this title . . . is preserved for the benefit of the estate but only with respect to property of the estate."  The Property is property of the estate pursuant to § 541.  The Lis Pendens and the Foreclosure Decree are preferential transfers avoided under § 547.   The 2014 Judgment is a transfer avoided under §544.  Accordingly, the transfers are preserved for the benefit of the estate pursuant to § 551.

## **CONCLUSION**

For the reasons set forth above, there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law.  The plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied.  The Lis Pendens and Judgment are avoided pursuant to 11 U.S.C. § 547.  The 2014 Judgment is avoided pursuant to 11 U.S.C. § 544(a)(3).  The transfers are preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**02/27/2019**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 02/28/2019